IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORGE J. SOLANO-MORETA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-140-JPG |
| | ) |
| LISA J. HOLLINGSWORTH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This cause is before the Court on Petitioner's motion to proceed *in forma pauperis* (Doc. 3). Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois (USP-Marion) brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his confinement in the Special Housing Unit (SHU) at USP-Marion.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

**THE PETITION**

Petitioner claims that the conditions within the SHU violate Due Process of law, Equal Protection of the Law and his Eighth Amendment right to be free from cruel and unusual punishment. Even liberally construed, the instant petition is nothing more than a "laundry list" of conditions within the SHU that Petitioner finds objectionable. These conditions include guards hitting the bars with hammers, lack of air conditioning, lack of commissary privileges, and other unpleasant restrictions. Additionally, Plaintiff asserts that he is being denied access to the courts.

**DISCUSSION**

At the outset, this Court must independently evaluate the substance of Petitioner's claim to determine if the correct statute - in this case 28 U.S.C. § 2241 - is being invoked. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 2002 WL 31103020 at *2 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241. *See Bunn,* 309 F.3d at 1008; *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381; *Pischke,* 178 F.3d at 499.

In the case at hand, Petitioner is only challenging the conditions of his confinement, not the

fact of confinement. Thus, Petitioner must bring his claims in a civil rights action, not an action under § 2241.

While, in the past, courts sometimes construed a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), the Seventh Circuit has held that district courts should not due this. *Bunn*, 309 F.3d at 1007; *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). It would be particularly inappropriate to recast Petitioner's action here, because Petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, Petitioner is responsible for paying a much higher filing fee. Furthermore, Petitioner might be assessed a "strike" if the Court determined that Petitioner's action (or any portion of it) was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Therefore, the Court will not re-characterize the instant habeas petition as a complaint under the civil rights act.

### DISPOSITION

Petitioner's motion to proceed *in forma pauperis* (Doc. 3) is **GRANTED.** Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: July 13, 2010.**

                                      **s/ J. Phil Gilbert**
                                      **U. S. District Judge**